FILED
 2014 May-08  PM 04:34
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SECUREDPAY SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No: _____ |
| ) | |
| TABLETOP MEDIA, LLC ) | **JURY TRIAL DEMANDED** |
| d/b/a ZIOSK ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff SecuredPay Solutions, Inc. ("SPS") and hereby states its Complaint for Patent Infringement against Defendant TableTop Media LLC, doing business as Ziosk ("Defendant") as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

3.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that Defendant does business in this District, is registered with the state of Alabama and has a registered agent in Alabama, has committed acts of infringement in this District, and/or continues to commit acts of infringement in this District, entitling SPS to relief.

## PARTIES

4.      SPS is an Alabama corporation with a principal place of business at 11119 County Road 88, Pisgah, AL 35765, which is within this District and Division.

5.      SPS is the owner, by assignment, of all right, title, and interest in and to the following United States Patents, including the right to bring suit for patent infringement:  United States Patent No. 8,490,878 ("the '878 patent"); United States Patent No. 8,356,754 ("the '754 patent"); United States Patent No. 8,011,587 ("the '587 patent"); and United States Patent No. 7,721,969 ("the '969 patent").  The '878 patent, the '754 patent, the '587 patent, and the '969 patent are referred to herein collectively as "the patents-in-suit."

6.      Upon information and belief, Defendant is a limited liability company, organized and existing under the laws of the State of Delaware, with a principal place of business at 12404 Park Central Drive, Suite 350, Dallas, Texas

75251, and with an agent for service at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

7. Upon information and belief, Defendant is subject to personal jurisdiction in this Court because it maintains continuous and systematic contacts with customers in this district and division; sells infringing products and/or provides infringing services to customers in this district and division; and purposefully avails itself of the privilege of conducting activities within Alabama as demonstrated by its registration as a foreign corporation with the Alabama Secretary of State, thus invoking the benefits and protections of Alabama law.

## COUNT ONE:
## INFRINGEMENT OF U.S. PATENT NO. 8,490,878

8. SPS realleges and incorporates herein the allegations of paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. On July 23, 2013, United States Patent No. 8,490,878 ("the '878 patent") was duly and legally issued for "Portable Handheld Device for Wireless Order Entry and Real Time Payment Authorization and Related Methods."  SPS holds all rights and interest in the '878 patent.  A true and correct copy of the '878 patent is attached hereto as Exhibit A.

10. Defendant had actual notice of the '878 patent at least as early as the date of the filing of this complaint.

11. Upon information and belief, Defendant has directly infringed and continues to directly infringe the '878 patent by making, offering to sell, selling and using Defendant's Ziosk system for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '878 patent in the United States.

12. Upon information and belief, Defendant's customers have infringed and continue to directly infringe the '878 patent by using Defendant's Ziosk solution in its intended manner and as instructed by Defendant, for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '878 patent in the United States.

13. Upon information and belief, Defendant, with actual notice of the '878 patent, has and continues to contribute to the direct infringement by its customers by providing its customers with the Ziosk solution, which has no substantial non-infringing uses.

14. Upon information and belief, Defendant, with actual notice of the '878 patent, has and continues to induce the direct infringement by its customers by providing the Ziosk solution to its customers and assisting and/or instructing them to use the same for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '878 patent in the United States.

15. The acts of direct and indirect infringement of the '878 patent by Defendant have caused damage to SPS, and SPS is entitled to recover from Defendant the damages sustained by SPS as a result of such infringement in an amount subject to proof at trial.

## COUNT TWO:
## INFRINGEMENT OF U.S. PATENT NO. 8,356,754

16. SPS realleges and incorporates herein the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. On January 22, 2013, United States Patent No. 8,356,754 ("the '754 patent") was duly and legally issued for "Portable Handheld Device for Wireless Order Entry and Real Time Payment Authorization and Related Methods." SPS holds all rights and interest in the '754 patent. A true and correct copy of the '754 patent is attached hereto as Exhibit B.

18. Defendant had actual notice of the '754 patent at least as early as the date of the filing of this complaint.

19. Upon information and belief, Defendant has directly infringed and continues to directly infringe the '754 patent by making, offering to sell, selling and using Defendant's Ziosk system for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '754 patent in the United States.

20. Upon information and belief, Defendant's customers have infringed and continue to directly infringe the '754 patent by using Defendant's Ziosk solution in its intended manner and as instructed by Defendant, for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '754 patent in the United States.

21. Upon information and belief, Defendant, with actual notice of the '754 patent, has and continues to contribute to the direct infringement by its customers by providing its customers with the Ziosk solution, which has no substantial non-infringing uses.

22. Upon information and belief, Defendant, with actual notice of the '754 patent, has and continues to induce the direct infringement by its customers by providing the Ziosk solution to its customers and assisting and/or instructing them to use the same for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '754 patent in the United States.

23. The acts of direct and indirect infringement of the '754 patent by Defendant have caused damage to SPS, and SPS is entitled to recover from Defendant the damages sustained by SPS as a result of such infringement in an amount subject to proof at trial.

## COUNT THREE:
## INFRINGEMENT OF U.S. PATENT NO. 8,011,587

24. SPS realleges and incorporates herein the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. On September 6, 2011, United States Patent No. 8,011,587 ("the '587 patent") was duly and legally issued for "Portable Handheld Device for Wireless Order Entry and Real Time Payment Authorization and Related Methods."  SPS holds all rights and interest in the '587 patent.  A true and correct copy of the '587 patent is attached hereto as Exhibit C.

26. Defendant had actual notice of the '587 patent at least as early as the date of the filing of this complaint.

27. Upon information and belief, Defendant has directly infringed and continues to directly infringe the '587 patent by making, offering to sell, selling and using Defendant's Ziosk system for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '587 patent in the United States.

28. Upon information and belief, Defendant's customers have infringed and continue to directly infringe the '587 patent by using Defendant's Ziosk solution in its intended manner and as instructed by Defendant, for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '587 patent in the United States.

29. Upon information and belief, Defendant, with actual notice of the '587 patent, has and continues to contribute to the direct infringement by its customers by providing its customers with the Ziosk solution, which has no substantial non-infringing uses.

30. Upon information and belief, Defendant, with actual notice of the '587 patent, has and continues to induce the direct infringement by its customers by providing the Ziosk solution to its customers and assisting and/or instructing them to use the same for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '587 patent in the United States.

31. The acts of direct and indirect infringement of the '587 patent by Defendant have caused damage to SPS, and SPS is entitled to recover from Defendant the damages sustained by SPS as a result of such infringement in an amount subject to proof at trial.

## COUNT FOUR: INFRINGEMENT OF U.S. PATENT NO. 7,721,969

32. SPS realleges and incorporates herein the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. On May 25, 2010, United States Patent No. 7,721,969 ("the '969 patent") was duly and legally issued for "Portable Handheld Device for Wireless Order Entry and Real Time Payment Authorization and Related Methods." SPS

holds all rights and interest in the '969 patent. A true and correct copy of the '969 patent is attached hereto as Exhibit D.

34. Defendant had actual notice of the '969 patent at least as early as the date of the filing of this complaint.

35. Upon information and belief, Defendant has directly infringed and continues to directly infringe the '969 patent by making, offering to sell, selling and using Defendant's Ziosk system for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '969 patent in the United States.

36. Upon information and belief, Defendant's customers have infringed and continue to directly infringe the '969 patent by using Defendant's Ziosk solution in its intended manner and as instructed by Defendant, for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '969 patent in the United States.

37. Upon information and belief, Defendant, with actual notice of the '969 patent, has and continues to contribute to the direct infringement by its customers by providing its customers with the Ziosk solution, which has no substantial non-infringing uses.

38. Upon information and belief, Defendant, with actual notice of the '969 patent, has and continues to induce the direct infringement by its customers

by providing the Ziosk solution to its customers and assisting and/or instructing them to use the same for purposes of wireless order entry and real time payment authorization, which use practices the devices, systems and/or methods of the '969 patent in the United States.

39. The acts of direct and indirect infringement of the '969 patent by Defendant have caused damage to SPS, and SPS is entitled to recover from Defendant the damages sustained by SPS as a result of such infringement in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SPS prays that the Court enter judgment in its favor and against Defendant as follows:

A. That the Court enter judgment of infringement against Defendant;

B. That Defendant be ordered to pay damages adequate to compensate SPS for its acts of infringement, pursuant to 35 U.S.C. § 284;

C. That the Court find that this case is exceptional and award SPS its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

D. That Defendant and its officers, agents, employees, and those acting in active concert or participation with them, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the '878, '754, '587, and '969 patents, pursuant to 35 U.S.C. § 283;

  E. That Defendant be ordered to pay prejudgment and post-judgment interest;

  F. That Defendant be ordered to pay all costs associated with this action; and

  G. That SPS be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), SPS demands a trial by jury of all issues triable of right by a jury.

This 8th day of May, 2014.

          /s/ David W. Holt
         Frank M. Caprio
         David W. Holt
         **Bradley Arant Boult Cummings LLP**
         200 Clinton Avenue West
         Suite 900
         Huntsville, AL 35801
         Telephone: (256) 517-5100
         Facsimile: (256) 517-5200
         fcaprio@babc.com
         dholt@babc.com

Dan R. Gresham
Georgia Bar No. 310280
N. Andrew Crain
Georgia Bar No. 193081
Eric G. Maurer
Georgia Bar No. 478199
**THOMAS HORSTEMEYER, L.L.P.**
400 Interstate North Parkway, SE
Suite 1500
Atlanta, Georgia 30339
Telephone:(770) 933-9500
Facsimile: (770) 951-0933
dan.gresham@thomashorstemeyer.com
andrew.crain@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com

Attorneys for Plaintiff SecuredPay Solutions, Inc.